IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANICQUA S. APONTE,<br>        Plaintiff,<br><br>v.<br><br>BOROUGH OF POTTSTOWN, MARK FLANDERS, MONTGOMERY COUNTY DISTRICT ATTORNEY'S OFFICE, MONTGOMERY COUNTY PENNSYLVANIA, and RICHARD BURBERRY,<br>        Defendants. | CIVIL ACTION<br><br><br><br>NO. 16-5006 |

## MEMORANDUM OPINION

*Pro se* Plaintiff Shanicqua Aponte brings this case asserting constitutional due process claims under 28 U.S.C. § 1983 against Defendants Borough of Pottstown, Pottstown Borough Manager Mark Flanders, Montgomery County, the Montgomery County District Attorney's Office, and Montgomery County Assistant District Attorney Richard Bradbury,[1] alleging that all Defendants unlawfully withheld exculpatory evidence from Plaintiff during a criminal trial in Montgomery County, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). All Defendants have filed motions to dismiss Plaintiff's claims. Those motions shall be granted.

## I. BACKGROUND[2]

According to her Amended Complaint,[3] Plaintiff was arrested after a dispute with her landlord regarding an eviction from her apartment, and subsequently charged with trespassing,

---

[1] Bradbury is incorrectly named in Plaintiff's Complaint as "Bradberry" and in her Amended Complaint as "Burberry."

[2] This factual background is drawn from Plaintiff's Amended Complaint, the exhibits referred to therein (which were attached to her original Complaint), and public records regarding Plaintiff's criminal case. *See Pension Benefit Guar. Bd. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (noting that a district court's consideration of a motion to dismiss is limited to "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record").

disorderly conduct, and resisting arrest. In advance of a preliminary hearing in her criminal matter, Plaintiff requested from prosecutors video footage from thirteen surveillance cameras in the Pottstown Police Station showing her arrival and detention after her arrest, which she contends undermines the charges against her. After her request for the footage was denied in November 2015, she submitted a Right-to-Know request to the Borough of Pottstown (the "Borough") and Borough Manager Mark Flanders, seeking the same footage. Her Right-to-Know request was denied in January 2016, and her criminal charges proceeded in the Montgomery County Court of Common Pleas. She then filed an appeal of the denial of her Right-to-Know request with the state Office of Open Records (OOR).

In May 2016, Plaintiff requested a continuance of a pre-trial hearing in her criminal trial so that she could obtain the video. In July 2016, Plaintiff won OOR reversal of the Borough's denial of her records request. The following week, Assistant District Attorney Richard Bradbury met with Borough officials. After that meeting, Plaintiff received a copy of the video from Bradbury that she claims she could not view. In August 2016, at a second pre-trial conference, the court ordered the Montgomery County District Attorney's Office (the "District Attorney's Office") to permit Plaintiff to view the surveillance video. After viewing the video, Plaintiff requested another continuance, claiming that she had not been shown the entire video footage of herself at the police station on the day of her arrest. Plaintiff then attempted to speak with Bradbury's supervisor about the production of the video, and was allegedly threatened with arrest.

Meanwhile, the Borough filed a petition for review of the OOR's decision in the Montgomery County Court of Common Pleas. As of the filing of Plaintiff's Amended

---

[3] Plaintiff's Amended Complaint contains the same factual allegations as her original Complaint, but is supplemented by a more specific articulation of her legal claims.

Complaint in this case, neither the District Attorney's Office nor the Borough had given Plaintiff the entire span of surveillance footage that she requested – purportedly more than four hours of footage, taken from thirteen camera recordings. Instead, Plaintiff alleges, she was shown only "selected footage" of four shots.

Plaintiff pled guilty to several of the charges against her on February 27, 2017.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In light of *Twombly*, it is no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of [the proscribed] conduct." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 177 (3d Cir. 2010) (internal quotation marks omitted).

Following the Supreme Court's rulings in *Twombly* and *Iqbal*, the Third Circuit requires a two-step analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). In doing so, the Court must construe the facts and draw all reasonable inferences in the light most favorable to the plaintiff. *Santomenno ex rel. John Hancock Trust v. John Hancock Life Ins. Co. (U.S.A.)*, 768 F.3d 284, 290 (3d Cir. 2014).

In the second step of the analysis, a court must determine whether the well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A plaintiff need not show that success on his or her claims is probable, but must assert "'enough facts to raise a reasonable expectation that discovery will

3

reveal evidence of'" each necessary element in a claim. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). However, "'[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether [her] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff's claims are based on the premise that both Bradbury and Flanders failed to turn over to Plaintiff exculpatory evidence in advance of her trial (*i.e.*, the police station surveillance video), in violation of the right articulated in *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady*, the Supreme Court held that withholding evidence material to either guilt or punishment is a violation of the Due Process Clause. *Id.* at 87. Although she has cited the Fifth, Ninth, and Fourteenth Amendments in her Amended Complaint, only the Fourteenth Amendment provides an appropriate basis for her claims. The Fifth Amendment applies to *federal* government action – not local government actions, which are at issue in this case. *See Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983). And "the Ninth Amendment does not independently provide a source of individual constitutional rights." *Perry v. Lackawanna Cty. Children & Youth Servs.*, 345 F. App'x 723, 726 (3d Cir. 2009). Thus, Plaintiff's claims fall under only the Fourteenth Amendment, and, to the extent that Plaintiff has asserted claims under the Fifth and Ninth Amendments, the claims under those two amendments shall be dismissed with prejudice.

With respect to the Fourteenth Amendment, each Defendant seeks dismissal of Plaintiff's claims on a unique basis, so the Court will consider each Defendant's argument in turn.

### A. Richard Bradbury

Bradbury asserts prosecutorial immunity as an absolute defense against Plaintiff's claims. Indeed, "[i]t is well settled that prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity." *Yarris v. County of Delaware*, 465 F.3d 129, 137 (3d Cir. 2006). Plaintiff alleges that Bradbury was the prosecutor in her criminal case, and there are no facts in the Amended Complaint which would plausibly lead to the conclusion that his alleged withholding of the surveillance video took place outside that prosecutorial role. Bradbury is therefore entitled to absolute prosecutorial immunity from Plaintiff's claims, and his motion to dismiss shall be granted.

### B. Montgomery County District Attorney's Office

The District Attorney's Office argues that it cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 because it is not a separate entity from Montgomery County, and thus is not a "person" that can be sued under section 1983. This position is supported by Third Circuit precedent that District Attorney's offices in Pennsylvania are not the proper defendants in a section 1983 suit. *See Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997). Rather, to the extent that the actions of a county's District Attorney's office lead to constitutional violations, the proper defendant is the county itself. *Id.* The Montgomery County District Attorney's Office's motion to dismiss shall therefore be granted.

### C. Montgomery County

Montgomery County argues that the constitutional claim against it must be dismissed because Plaintiff has failed to plead facts showing a "policy or custom" that caused a deprivation of constitutional rights, which is required to advance a claim against a municipality under 28 U.S.C. § 1983. *See Monell v. Dep't Social Servs.*, 436 U.S. 658, 694 (1978). A "policy" is a "statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality. *Id.* at 690. A "custom" is a practice that is "so permanent and well settled as to constitute a custom or usage with the force of law." *Id.* at 691 (internal quotation marks omitted).

Setting aside the question of whether Bradbury's actions violated the rule set forth in *Brady*, the Amended Complaint contains no factual allegations which suggest a policy or practice on the part of the County to withhold exculpatory evidence from criminal defendants. Although Plaintiff asserted her "belief" that Montgomery County violated her Fourteenth Amendment rights by not ordering Bradbury to turn over the entire set of surveillance videos, she has not identified any particular decision or custom on the part of the County that prevented Bradbury from releasing the footage. The County's motion to dismiss Plaintiff's claim against it shall therefore be granted.

### D. Flanders and the Borough of Pottstown

Flanders and the Borough argue that they cannot be held liable for a *Brady* violation because the exculpatory evidence disclosure requirements of *Brady* apply only to prosecutors, and Flanders is not a prosecutor. They are correct. While police and other government actors may face section 1983 liability for failing to disclose exculpatory information to *prosecutors*, "the *Brady* duty to disclose exculpatory evidence to the *defendant* applies only to a prosecutor."

6

*Gibson v. Superintendent of N.J. Dep't of Law and Public Safety-Div. of State Police*, 411 F.3d 427, 442 (3d Cir. 2005) (emphasis added). Since Plaintiff's claim is based on the allegation that Flanders failed to provide the video to her as a criminal defendant (rather than that he withheld it from prosecutors), her allegation fails to support a section 1983 claim against Flanders. Given that Flanders is the only Borough official described in the Amended Complaint, there is also no basis for a *Monell* claim against the Borough based on *Brady*. Flanders and the Borough's motion to dismiss shall be granted.[4]

### E. Dismissal With Prejudice

The Third Circuit has "instructed that if a complaint is vulnerable to a [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). In this case, amendment would be futile. The claim against Bradbury is foreclosed by prosecutorial immunity, and the Montgomery County District Attorney's Office cannot be sued under 28 U.S.C. § 1983 because it is not a distinct entity. Furthermore, neither Flanders nor the Borough of Pottstown could commit a *Brady* violation by withholding the video from Plaintiff as a matter of law. Thus, the defects in Plaintiff's claims against Bradbury, Flanders, the District Attorney's Office, and the Borough could not be cured through an amended pleading.

Amendment of the claim against Montgomery County would also be futile. Although Plaintiff could theoretically revise her pleading to include facts demonstrating a pattern or practice of withholding exculpatory evidence from criminal defendants on the part of the County,

---

[4] To the extent that Plaintiff's Amended Complaint could be read to allege that the initial denial of her Right-to-Know request violated the Due Process Clause by interfering with Plaintiff's rights under the Right-to-Know Law, 65 Pa. Stat. § 67.101 *et seq.*, Plaintiff does not advance this argument in response to Defendants' motion nor has she identified any authority suggesting that the process for appealing the Borough's decision was constitutionally flawed. She has also not pointed to any authority that suggests that access to public records under a Right-to-Know Law is a "fundamental" property interest that could support a substantive due process claim. *See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 140 (3d Cir. 2000) (noting that only an extremely limited set of "fundamental" property interests can support a substantive due process claim).

she is legally foreclosed from successful asserting a *Brady* violation because her claim amounts to an attack on the validity of her conviction in state court.  Such claims cannot be raised under section 1983 unless the conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Skinner v. Switzer*, 562 U.S. 521, 536 (2011) ("*Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983.").  Since Plaintiff's *Brady* claim against the County is a constitutional claim which seeks to undermine the validity of a conviction that has not been reversed, expunged, or otherwise set aside, there is no pathway to revive her claim through an amended pleading and it shall be dismissed with prejudice.

An order follows.

Dated:  August 25, 2017

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE, J.**